Filed 2/14/24  P. v. Atchley CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUFUS ATCHLEY,<br><br>    Defendant and Appellant. | B331472<br><br>(Los Angeles County<br>Super. Ct. No. NA081616) |

        APPEAL from an order of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.
        S.R. Balash, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.
        No appearance for Plaintiff and Respondent.

_____

Rufus Atchley appeals from a postjudgment order summarily denying his petition for resentencing under Penal Code section 1172.6.[1] No arguable issues have been identified by Atchley's appointed appellate counsel following his review of the record or by Atchley in his supplemental letter brief to this court. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Jessica Romero was Atchley's on-again-off-again girlfriend for two years.[2] They were friends with Robert Banes. Atchley suspected something intimate happened between Romero and Banes, which caused Atchley to become jealous and angry. A witness who had been driving behind Atchley's vehicle testified that the vehicle Atchley was in stopped in the middle lane, Atchley exited the passenger side, walked over to the other side of the street, and approached a man (Banes) standing on the sidewalk. They began talking, and the witness saw in her rearview mirror Atchley pointing a gun at Banes. The witness heard a gunshot, and Banes fell to the ground.

In 2011 a jury convicted Atchley of first degree murder (§ 187, subd. (a)) and found true that Atchley personally and intentionally discharged a firearm, which caused great bodily injury or death to the victim (§ 12022.53, subd. (d)). The trial

---

[1] Undesignated statutory references are to the Penal Code.

[2] We include a brief summary of the facts taken from Atchley's direct appeal for background purposes. (*People v. Atchley* (Feb. 28, 2023, B231086) [nonpub. opn.].) We do not rely on the facts in resolving the issues presented in this appeal.

court sentenced Atchley to 25 years to life for the murder conviction consecutive with 25 years to life for the firearm enhancement. We affirmed Atchley's conviction on appeal. (*People v. Atchley* (Feb. 28, 2023, B231086) [nonpub. opn.].)

On August 29, 2022 Atchley filed a form petition for resentencing pursuant to former section 1170.95 (now section 1172.6). After appointing counsel and considering the People's response to the petition, as well as the jury instructions and verdict forms from the underlying appeal, the superior court summarily denied the petition for resentencing, finding Atchley ineligible for relief because he was "found guilty of 1st degree, willful, deliberate and premeditated murder as a direct shooter. The jury was never instructed on felony murder or natural and probably consequences."

Atchley timely appealed. We appointed counsel to represent Atchley in this appeal. After a review of the record, Atchley's appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 stating he did not identify any arguable issues and advised Atchley he could submit a supplemental brief identifying contentions this court should consider.[3] On December 11, 2023 Atchley filed a supplemental brief.

---

[3] We previously granted Atchley's request to augment the record on appeal with the record from his direct appeal.

## DISCUSSION

A.    *Senate Bill No. 1437 and Section 1172.6*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (*People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), 957; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848; see *People v. Reyes* (2023) 14 Cal.5th 981, 984.)  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule as set forth in section 189, subdivision (e).  (*Reyes*, at p. 986; *Gentile*, at pp. 842-843.)  Section 189, subdivision (e), now requires the People to prove specific facts relating to the defendant's individual culpability:  The defendant was the actual killer (§ 189, subd. (e)(1)); although not the actual killer, the defendant, with the intent to kill, assisted in the commission of murder in the first degree (§ 189, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life as described in section 190.2, subdivision (d) (the felony-murder special-circumstance provision) (§ 189, subd. (e)(3)).  (See *Strong*, at p. 708.)

Senate Bill 1437 also provided a procedure in section 1170.95, now codified in section 1172.6, for an individual convicted of felony murder or murder under the natural and probable consequences theory to petition the sentencing court to

4

vacate the conviction and be resentenced on any remaining counts if the individual could not have been convicted of murder under Senate Bill 1437's changes to sections 188 and 189. (*Lewis, supra*, 11 Cal.5th at p. 959; *Gentile, supra*, 10 Cal.5th at p. 847.)

If the section 1172.6 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on the requirements of subdivision (a), the sentencing court must appoint counsel to represent the petitioner upon his or her request pursuant to section 1172.6, subdivision (b)(3). Further, upon the filing of a facially sufficient petition, the court must determine whether the petitioner has made a prima facie showing of entitlement to relief. (See § 1172.6, subd. (c).) Where a petitioner makes the requisite prima facie showing the petitioner falls within the provisions of section 1172.6 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d)(1).)

B. *Atchley is Ineligible for Relief as a Matter of Law*

Atchley raises three arguments in his supplemental letter brief. First, he argues he had a right to be present at his resentencing hearing. Second, and also related to resentencing, Atchley argues his trial counsel was ineffective for failing to have the superior court consider postconviction factors during resentencing. Third, Atchley, citing section 1172.6, subdivision (d)(1), argues he should have been given an

5

opportunity to introduce evidence, including about his mental state at the time of the murder, to establish a prima facie case for relief.

Atchley's arguments about resentencing both fail because his sentence was not recalled, and he was not resentenced. A sentence may be recalled, and a defendant may be resentenced, only after the superior court issues an order to show cause and holds a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subd. (d)(1).) Here, because the court denied Atchley's petition at the prima facie stage, there was no resentencing hearing.

Similarly, Atchley's argument that he should have been allowed to introduce new evidence to establish a prima facie case fails. Section 1172.6 does not expressly allow for new evidence to be introduced at the prima facie stage. (Cf., § 1172.6, subd. (d)(3) [new evidence may be introduced at the evidentiary hearing].) Further, at the prima facie stage, the superior court focuses on the threshold requirements for relief, including whether the defendant could have been convicted under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory of imputed malice. Here, the record of conviction establishes as a matter of law that the jury did not convict Atchley under one of the now impermissible theories of murder. The jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice. Our review of the record confirms the only instructions given were for first degree murder and second degree murder. Atchley was the sole defendant and the actual killer.

No cognizable legal issues have been raised by Atchley's appellate counsel or by Atchley. Further, we have independently

reviewed the record and are satisfied no arguable issue exists. The order denying the section 1172.6 petition must be affirmed. (See *People v. Delgadillo, supra,* 14 Cal.5th at pp. 231-232; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order denying Atchley's petition is affirmed.


MARTINEZ, J.

We concur:


SEGAL, Acting P. J.


FEUER, J.

7